UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-cv-60887

PAUL CARTER
AND
TIPPADEE CARTER,

      Plaintiffs,

vs.

BPCL MANAGEMENT, LLC D/B/A BAHAMAS
PARADISE CRUISE LINE; CRUISE OPERATOR
INC., D/B/A BAHAMAS PARADISE CRUISE
LINE; AND PARADISE CRUISE LINE OPERATOR
LTD., INC. D/B/A BAHAMAS PARADISE CRUISE LINE;

      Defendants.
_____/

## **MOTION FOR DEFAULT JUDGMENT**

COMES NOW Plaintiffs Paul and Tippadee Carter, pursuant to Federal Rule of Civil Procedure 55, and thereby submits their Motion for Default Judgment against BPCL Management, LLC D/B/A Bahamas Paradise Cruise Line and Cruise Operator Inc. D/B/A Bahamas Paradise Cruise Line. In support of their Motion, Plaintiffs would provide the following:

1. Federal Rule of Civil Procedure 55(a) provides, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."

2. Plaintiffs filed their Complaint on April 3, 2019. *See* Docket No. 1 and Exhibit 1.

— 1 —

3.    On July 10, 2019, the Clerk of the Court issued summons to Defendant BPCL Management, LLC D/B/A Bahamas Paradise Cruise Line. *See* Docket No. 15 and Exhibit 2.

4.    On July 11, 2019, the Clerk of the Court issued summons to Defendant Cruise Operator Inc. D/B/A Bahamas Paradise Cruise Line. *See* Docket No. 20 and Exhibit 3.

5.    On July 19, 2019, Plaintiff served Defendant BPCL Management, LLC D/B/A Bahamas Paradise Cruise Line via the Secretary of State. *See* Docket No. 23 and Exhibit 4.

6.    On July 19, 2019, Plaintiff served Defendant Cruise Operator Inc. D/B/A Bahamas Paradise Cruise Line via the Secretary of State. *See* Docket No. 22 and Exhibit 5.

7.    More than twenty days have elapsed since the date on which Paradise Cruise Line Operator LTD. was served with the Summons and Complaint via the Secretary of State. Neither Defendant has filed a pleading or otherwise defended this matter.

8.    The time to defend has expired.

9.    Upon Motion by Plaintiffs, the Clerk has entered default against Defendant BPCL Management, LLC D/B/A Bahamas Paradise Cruise Line and Cruise Operator Inc. D/B/A Bahamas Paradise Cruise Line. *See* Docket No. 34.

10.   There is no just reason for delay in entering Default Judgment against this Defendant. Accordingly, this Default Judgment is proper under Rule 55 of the Federal Rules of Civil Procedure.

11.   Defendants BPCL Management, LLC D/B/A Bahamas Paradise Cruise Line and Cruise Operator Inc. D/B/A Bahamas Paradise Cruise Line are entities and thus are not minors or incompetent persons.

12.  Defendant BPCL Management, LLC D/B/A Bahamas Paradise Cruise Line and Cruise Operator Inc. D/B/A Bahamas Paradise Cruise Line are entities and thus are not active military. *See* Exhibit 6, Affidavit of Alexis Nicole Ondris.

13.  As counsel for the Plaintiff, the undersigned attests to the veracity of the statements made in this pleading. *See* Exhibit 6, Affidavit of Alexis Nicole Ondris.

14.  Due to the Defendant Defendants BPCL Management, LLC D/B/A Bahamas Paradise Cruise Line and Cruise Operator Inc. D/B/A Bahamas Paradise Cruise Line's failure to appear or enter any responsive pleading, Plaintiff is entitled to entry of default judgment.

15.  The amount of judgment is not a sum certain and a hearing should be set to determine damages.

WHEREFORE, premises considered, Plaintiffs Paul and Tippadee Carter respectfully requests that the Court grant their Motion for Default Judgment, enter Default against Defendants BPCL Management, LLC D/B/A Bahamas Paradise Cruise Line and Cruise Operator Inc. D/B/A Bahamas Paradise Cruise Line, enter final judgment in this matter, with the specific amount to be determined by a Court hearing.

Respectfully Submitted,

 /s/ Alexis Nicole Ondris
Smith Clinesmith LLP

Alexis Nicole Ondris
FL Bar No. 120127
Smith Clinesmith, LLP
325 N. St. Paul St., 29th Floor
Dallas, Texas 75201
(214) 953-1900 *tel.*
(214) 953-1901 *fax*
alexis@smithclinesmith.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

BROWARD DIVISION

CASE NO. 19-cv-60887

PAUL CARTER
AND
TIPPADEE CARTER,

       Plaintiffs,

vs.

BPCL MANAGEMENT, LLC D/B/A BAHAMAS
PARADISE CRUISE LINE; CRUISE OPERATOR
INC., D/B/A BAHAMAS PARADISE CRUISE
LINE; AND PARADISE CRUISE LINE OPERATOR
LTD., INC. D/B/A BAHAMAS PARADISE CRUISE LINE;

       Defendants.
_____/

**COMPLAINT AND JURY DEMAND**

COMES NOW Plaintiffs Paul Carter and Tippadee Carter, through undersigned counsel,

sues Defendants, BPCL Management, LLC D/B/A Bahamas Paradise Cruise Line; Cruise Opera-

tor INC., D/B/A Bahamas Paradise Cruise Line; Operator LTD., Inc. d/b/a Bahamas Paradise

Cruise Line; and Paradise Cruise Line Operator LTD., INC. D/B/A Bahamas Paradise Cruise

Line and alleges as follows:

1.     At all times hereinafter mentioned, the Plaintiffs, Paul Carter and Tippadee Carter, are

       citizens of the United States and residents of Texas and file this Complaint for Damages

       in an amount in excess of $75,000, exclusive of any fees and court costs. This Honorable

       Court possesses jurisdiction over the instant matter pursuant to the issued ticket by De-

       fendants containing a venue clause which requires that all disputes and matters arising

— 1 —
**EXHIBIT 1**

out of and in connection with the cruise and travel associated with the ticket be litigated in the United States District Court for the Southern District of Florida, in Broward and there is complete diversity between the parties, 28 United States Code Section 1332.

2.  At all times material hereto, the Defendant BPCL Management, LLC D/B/A Bahamas Paradise Cruise Line is a corporation with its principal place of business in Florida and service can be had on its registered agent at Greenspoon Marder, P.A., 100 W. Cypress Creek Road, Suite 700, Fort Lauderdale, Florida 33309.

3.  Cruise Operator, Inc. D/B/A Bahamas Paradise Cruise Line is a corporation with its principal place of business in Florida and service can be had on its registered agent at Greenspoon Marder, P.A., 100 W. Cypress Creek Road, Suite 300, Fort Lauderdale, Florida 33309.

4.  At all times material hereto, the Defendant Paradise Cruise Line Operator Ltd., Inc. D/B/A Bahamas Paradise Cruise Line is a corporation with its principal place of business in Florida and service can be had on its registered agent at CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324.

**PERSONAL JURISDICTION AND VENUE**

5.  At all times material, the Defendants, and each of them, were Florida entities registered to do business in the State of Florida and Defendants, and each of them, maintain a permanent office for the transaction of business in Florida.

6.  Venue is proper in Broward County, and the Defendant's passenger ticket contains a forum selection clause, which requires any action to be brought exclusively in the United States District Court for the Southern District of Florida located in Broward County, Florida. The relevant language is as follows:

**EXHIBIT 1**

IT IS AGREED BY AND BETWEEN THE PASSENGER AND CARRIER THAT ALL DISPUTES AND MATTERS WHATSOEVER ARISING UNDER, IN CONNECTION WITH, OR INCIDENT TO THIS CONTRACT SHALL BE LITIGATED, IF AT ALL, IN AND BEFORE THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA IN BROWARD COUNTY FLORIDA, U.S.A. (OR AS TO THOSE LAWSUITS FOR WHICH THE FEDERAL COURTS OF THE UNITED STATES LACK SUBJECT MATTER JURISDICTION BEFORE A COURT LOCATED IN BROWARD COUNTY, FLORIDA, USA) TO THE EXCLUSION OF THE COURTS OF ANY OTHER STATE, TERRITORY OR COUNTY OR ELSEWHERE IN THE STATE OF FLORIDA. PASSENGER CONSENTS TO JURISDICTION AND WAIVES ANY VENUE OR OTHER OBJECTION THAT HE MAY HAVE TO ANY SUCH ACTION OR PROCEEDING BEING BROUGHT IN THE APPLICABLE COURT LOCATED IN BROWARD COUNTY, FLORIDA.

7. Plaintiff has complied with all pre-suit requirements of the passenger ticket contract.

8. The causes of action in this complaint arise under the general maritime law of the United States.

9. In the event that the Court rules that this case does not come under diversity of citizenship jurisdiction, then plaintiff elects to proceed under the admiralty jurisdiction of the court.

10. At all times relevant to this action, Defendants were engaged in the business of providing to the public, for compensation, vacation cruises aboard its vessel, the Grand Celebration.

11. At all times material to this action, the Grand Celebration was located in navigable or territorial waters.

12. At all times material, the Defendants, and each of them, owned, operated, managed, supervised and controlled the ocean-going passenger vessel known as the Grand Celebration.

13. On or about October 10, 2017, Plaintiff Paul Carter received an unsolicited call by Bahamas Paradise Cruise Line or its affiliates on a business cellphone. During that call,

**EXHIBIT 1**

Plaintiff was falsely offered a "free" cruise on Bahamas Paradise Cruise Lines after correctly answering a series of questions.

14.   Subsequently, Plaintiffs Paul Carter and Tippadee Carter made a series of payments to Defendants, to sail on the Grand Celebration in April of 2018.

15.   On April 4, 2018, Plaintiffs Paul Carter and Tippadee Carter boarded the Defendants' Grand Celebration vessel.

16.   On April 4, 2018, the Plaintiffs were lawfully and properly passengers on board the vessel Grand Celebration, a ship owned and operated by Defendants.

17.   On April 5, 2018, the Plaintiff, Paul Carter became seriously ill onboard the ship operated and controlled by the Defendants.

18.   At all times material, Defendants owed Plaintiff a duty to exercise reasonable care in all the circumstances, including following all reasonable safety precautions for pasengers including but not limited to Plaintiffs while Plaintiffs were aboard the ship.

## FACTUAL ALLEGATIONS

19.   Plaintiffs incorporate the allegations in paragraphs 1 through 14 as though alleged herein.

20.   Plaintiff Paul Carter travels with his own supply of bottled water for health reason, but was prevented from doing so by employees of Defendants. Employees of Defendants informed Plaintiffs that they could not bring their own water aboard but assured them, however, that filtered tap water was available on the ship.  Plaintiff Paul Carter was required by Defendants to purchase a water bottle to use while on the ship. No bottled water was available to the Plaintiffs while they were on the ship.

21.   While on the cruise, on or about April 5, 2018, Plaintiff became seriously ill after drinking the purported "filtered tap water" available to passengers on board the vessel. Plain-

**EXHIBIT 1**

tiffs later learned that the water was not filtered and was provided to passengers, including Plaintiff Paul Carter, though unsanitary means. Plaintiffs have also learned that Defendants had a history of citations from the Centers for Disease Control for issues with their backflow prevention devices—devices essential to maintaining potable, uncontaminated water. Plaintiffs provided notice to Defendants of his illness while on the ship and later provided notice pursuant to the written contract on the back of their ticket.

22. As a result of exposure to the water aboard the Grand Celebration, Plaintiff sustained serious injury. He became septic, which was determined to be from an infection he contracted from Defendants' vessel.

23. Plaintiff Paul Carter is still suffering from post-sepsis syndrome as a result of exposure to contaminated water aboard Defendants' vessel which has caused irreparable brain damage, including but not limited to, limited brain function.

### COUNT I: NEGLIGENCE

24. Plaintiffs incorporate the allegations in paragraphs 1 through 23 as though alleged herein.

25. At all times material, Defendants, and each of them owed the Plaintiffs a duty to use reasonable care under the circumstances to provide a safe environment for Plaintiffs including providing safe drinking water.

26. Defendants have a heightened duty of care to Plaintiffs given rough seas, which are unique to the maritime context, encountered in and around the time of Plaintiff Paul Carter's injury.

27. On or about April 5, 2018, Plaintiff was injured due to the fault and negligence of Defendants, and each of them, and/or its agents, apparent agents, servants, and/or employees including, but not limited to the following:

**EXHIBIT 1**

a.      Failing to provide clean and safe water to Plaintiffs while aboard the vessel:

b.      Failure to properly maintain the water aboard the vessel in a safe condition;

c.      Failing to exercise reasonable care in maintaining the water filtration system;

d.      Failing to frequently conduct inspections to ensure that water provided to the passengers was safe to consume and free of contamination;

e.      Failing to warn the Plaintiffs of the contaminated water aboard the vessel;

f.      Failure to take proper precautions for passenger safety;

g.      Failing to comply with corrective orders issued by the United States of America Centers for Disease and Control Prevention;

h.      Failing to use reasonable care to provide and maintain filtered water aboard the vessel; and/or

i.      Failing to identify contaminated water aboard the vessel.

j.      Failing to provide alternative options for safe drinking water.

28.    At all times material hereto, Defendants, and each of them, knew or should have known of the foregoing conditions which caused Plaintiff's condition and did not correct them, or the conditions existed for a sufficient length of time so that Defendants in the exercise of reasonable care under the circumstances should have learned of them and corrected them.

29.    At all times material hereto, Defendants, and each of them, negligently failed to determine the hazards on the vessel to Plaintiff Paul Carter, failed to eliminate the hazards, failed to modify the hazard and failed to properly warn Plaintiffs of the hazard. All of the above caused the Plaintiff Paul Carter to be injured and/or which caused his injuries to be aggravated and made worse.

— 6 —

**EXHIBIT 1**

30. At all times material, Plaintiff Paul Carter acted with due care for his own safety.

31. At all times material, Defendants were in direct control of the vessel where Plaintiff Paul Carter was injured, and in direct control of the water that Plaintiff Paul Carter drank while on the vessel.

32. As a direct and proximate result of Defendants', and each of them, negligence, Plaintiff Paul Carter contracted an unknown infection which left him septic. Currently, he lives with post-sepsis syndrome. Therefore, as a result of Defendants', and each of them, negligence, Plaintiff was injured about his body and extremities, including severe physical pain and suffering, mental and emotional distress and anguish therefrom, incurred medical expenses and physical disfigurement and a loss of the ability to enjoy life; suffered an aggravation of a pre-existing condition, suffered a loss of enjoyment of the cruise and the money paid for the cruise. Said personal injuries are permanent and/or continuing in nature and the Plaintiffs shall continue to suffer such losses and impairments in the future.

WHEREFORE, Plaintiffs demands judgment for all damages recoverable under the law against Defendants and demands jury trial of all issues so triable.

## COUNT II: FLORIDA DECEPTIVE AND
## UNFAIR PRACTICES ACT

33. Plaintiffs incorporate the allegations in paragraphs 1 through 32 as though alleged herein.

34. Florida Statutes 501, et. seq., commonly known as Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") was enacted "to protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, of unfair acts or practices in the conduct of any trade or commerce." Florida Statutes Section §501.202(2).

**EXHIBIT 1**

35. To that end, "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are declared unlawful." Florida Statutes Section §501.204(2). Consumers are granted a private cause of action under FDUTPA and Section §511.211(2) provides remedies including actual damages, attorneys' fees, and costs

36. Plaintiffs allege, on information and belief, that Defendants, and each of them, or their affiliates, made a false and deceptive offer of a "free" cruise to Plaintiff Paul Carter via a telephone call.

37. Based on the belief that the cruise was free, Plaintiffs agreed to set sail on Defendants' vessel, the Grand Celebration.

38.  Subsequently, Plaintiffs Paul Cater and Tippadee Carter were required by Defendants to make a series of payments in order to participate on the cruise.

39. Additionally, Defendants, and each of them, or their affiliates, made unconscionable representations to Plaintiffs that the water available aboard its vessel was filtered and safe.

40. Defendants have committed unfair or deceptive acts or practices in violation of the Florida deceptive and unfair practices act, Florida statues section 501-201 et seq; by providing Plaintiff with inconsistent, inadequate and false information regarding the cost of the cruise, in addition to, the quality of water available aboard the ship, which Plaintiffs relied upon to their detriment.

41. Defendants have committed deceptive acts or practices in violation of the failure to deliver rule, by accepting payments from Plaintiffs, then failure to deliver services purchased and agreed to be provided by Defendants.

— 8 —

**EXHIBIT 1**

42. Defendants have failed to perform the services contracted to perform, and provided Plaintiffs with inconsistent, inadequate, faulty, defective and false information realtive to their cruise vessel and the quality of the water available aboard the ship.

WHEREFORE, Plaintiffs demand judgment for all damages recoverable under the law against Defendants and demands jury trial of all issues so triable.

## COUNT III: BREACH OF CONTRACT

43. Plaintiffs incorporate the allegations in paragraphs 1 through 42 as though alleged herein.

44. On or around October of 2017, Plaintiffs Paul and Tippadee Carter contracted with Defendants, and each of them, or their affiliates, to set sail on the Grand Celebration cruise from Port of Palm Beach, Florida in April of 2018.

45. A valid contract exists between Plaintiffs and Defendant Cruise Operator Inc.. The Contract (hereinafter "Contract"), is entitled Cruise Ticket Contract and is attached to this Complaint as "Exhibit 1". Plaintiff incorporates the Contract herein *in haec verba*.

46. The language of the Contract reads, "The fare includes transportation as specified AS OCEAN/CRUISE TRAVEL herein: full board, ordinary ship's food, LIMITED TO TAP WATER, JUICES, REGULAR & DECAFFINATED COFFEE, ASSORTED TEAS AND MILK, EXCLUDING spirits, wine, beer, CARBONATED BEVERAGES and mineral waters."

47. Plaintiffs, under knowledge and belief, were not provided safe tap and clean tap water in accordance with the Contract.

48. Plaintiff Paul Carter has suffered and continued to suffer damages as a result of Defendants' breach of contract.

— 9 —
**EXHIBIT 1**

WHEREFORE, Plaintiff demands judgment for all damages recoverable under the law against Defendants and demands jury trial of all issues so triable.

### COUNT IV: TELEPHONE CONSUMER PROTECTION ACT

49.　　Plaintiff incorporates the allegations in paragraphs 1 through 48 as though alleged herein.

50.　　The Telephone Consumer Protection Act prohibits: (1) any person from calling a cellular telephone number; (2) using an automatic telephone dialing system or an artificial or prerecorded voice; (3) without the recipient's prior express consent. 47 U.S.C. § 227(b)(1)(A).

51.　　The TCPA exists to prevent communications like the ones described within this Complaint. "Voluminous consumer complaints about abuses of telephone technology—for example, computerized calls dispatched to private homes—prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs.*, LLC, 132 S. Ct. 740, 744 (2012).

52.　　In an action under the TCPA, a plaintiff must only show that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice." *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), aff'd, 755 F.3d 1265 (11th Cir. 2014).

53.　　"Neither the TCPA nor its implementing regulations 'require an explicit mention of a good, product, or service' where the implication of an improper purpose is 'clear from the context.'" Id. (citing *Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913, 918 (9th Cir. 2012)).

54.　　"'Telemarketing' occurs when the context of a call indicates that it was initiated and transmitted to a person for the purpose of promoting property, goods, or services." *Golan*,

### EXHIBIT 1

788 F.3d at 820 (citing 47 C.F.R. § 64.1200(a)(2)(iii); 47 C.F.R. § 64.1200(f)(12); *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd at 14098 ¶ 141, 2003 WL 21517853, at \*49).

55. The FCC has explained that calls motivated in part by the intent to sell property, goods, or services are considered telemarketing under the TCPA. See *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, ¶¶ 139-142 (2003). This is true whether call recipients are encouraged to purchase, rent, or invest in property, goods, or services during the call or in the future. Id.

56. In other words, offers "that are part of an overall marketing campaign to sell property, goods, or services constitute" telemarketing under the TCPA. See *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, ¶ 136 (2003).

57. If a call is not deemed telemarketing, a defendant must nevertheless demonstrate that it obtained the plaintiff's prior express consent. See I*n the Matter of Rules and Regulaions Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls").

58. As held by the United States Court of Appeals for the Ninth Circuit: "Unsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients. A plaintiff alleging a violation under the TCPA 'need not allege any additional harm beyond the one Congress has identified.'" *Van Patten v. Vertical Fitness Grp.*, No. 14-55980, 2017 U.S. App. LEXIS 1591, at \*12 (9th Cir. May 4, 2016) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016) (emphasis original)).

**EXHIBIT 1**

59. On or around October of 2017, Plaintiff Paul Carter received an unsolicited call from Defendants, or their affiliates informing him he had won a "free" cruise to the Bahamas aboard Defendants' vessel.

60. Plaintiff Paul Carter did not enter a contest to win a free cruise nor did he place his phone number on any registry permitting Defendants, and each of them or their affiliates, to call Plaintiff Paul Carter's cellular device.

61. Upon information and belief, Defendants, and each of them or their affiliates, contacted Plaintiff Paul Carter without any prior knowledge or consent via an automated dialing system.

62. This is in direct violation of Telephone Consumer Protection Act and exactly what it was meant to prohibit.

WHEREFORE, Plaintiffs demand judgment for all damages recoverable under the law against Defendants and demands jury trial of all issues so triable.

## COUNT IV: LOSS OF CONSORTIUM

63. Plaintiff incorporates the allegations in paragraphs 1 through 62 as though alleged herein.

64. At the time of the cruise and thereafter, Plaintiff Tippadee Carter was married to Plaintiff Paul Carter and they continue to be married since that time.

65. As a direct, proximate, and reasonably foreseeable result of Defendants', and each of them, negligence, Plaintiff Tippadee Carter has suffered a permanent loss in the quality of the relationship and will continue to suffer in the future loss of consortium, loss of society, affection, assistance, and conjugal fellowship, all to the detriment of the Plaintiffs' marital relationship.

**EXHIBIT 1**

66.     The aforesaid injuries, damages and loss of consortium were caused solely and proximately by Defendants' negligence.

WHEREFORE, Plaintiff Tippadee Carter demands judgment against Defendants for the loss of consortium, plus costs, and any other relief this court deems fair and appropriate.

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury on all issues so triable as a matter of right.

Respectfully Submitted,

  /s/ Maria T. Santi
Maria T. Santi
FL Bar No. 117564
2525 Ponce De Leon Blvd Ste. 300
Coral Gables, FL 33134
msanti@healthandmedicinelawfirm.com

-and-

Smith Clinesmith LLP

Alexis Nicole Ondris
FL Bar No. 120127
Smith Clinesmith, LLP
325 N. St. Paul St., 29th Floor
Dallas, Texas 75201
(214) 953-1900 *tel.*
(214) 953-1901 *fax*
alexis@smithclinesmith.com

**EXHIBIT 1**

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  | ) |  |
|---|---|---|
|  | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |
| *Plaintiff(s)* | ) |  |
| v. | ) | Civil Action No. |
|  | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |
| *Defendant(s)* | ) |  |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

**EXHIBIT 1**

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

**PROOF OF SERVICE**

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

**EXHIBIT 1**

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
|  | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |
| *Plaintiff(s)* | ) |  |
| v. | ) | Civil Action No. |
|  | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |
| *Defendant(s)* | ) |  |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                            *Signature of Clerk or Deputy Clerk*

**EXHIBIT 1**

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❐ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❐ I returned the summons unexecuted because _____ ; or

❐ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

**EXHIBIT 1**

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
|  | ) |  |
|  | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |
| *Plaintiff(s)* | ) |  |
| v. | ) | Civil Action No. |
|  | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |
| *Defendant(s)* | ) |  |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

**EXHIBIT 1**

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## EXHIBIT 1

JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1   U.S. Government
  Plaintiff
- ❏ 2   U.S. Government
  Defendant
- ❏ 3   Federal Question
  *(U.S. Government Not a Party)*
- ❏ 4   Diversity
  *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ Pharmaceutical | | | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 340 Marine | **PERSONAL PROPERTY** | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | ❏ 370 Other Fraud | | ❏ 835 Patent - Abbreviated New Drug Application | ❏ 460 Deportation |
| | ❏ 350 Motor Vehicle | ❏ 371 Truth in Lending | **LABOR** | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 355 Motor Vehicle Product Liability | ❏ 380 Other Personal Property Damage | ❏ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 160 Stockholders' Suits | ❏ 360 Other Personal Injury | ❏ 385 Property Damage Product Liability | ❏ 720 Labor/Management Relations | ❏ 861 HIA (1395ff) | ❏ 485 Telephone Consumer Protection Act |
| ❏ 190 Other Contract | ❏ 362 Personal Injury - Medical Malpractice | | ❏ 740 Railway Labor Act | ❏ 862 Black Lung (923) | ❏ 490 Cable/Sat TV |
| ❏ 195 Contract Product Liability | | | ❏ 751 Family and Medical Leave Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 196 Franchise | | | | ❏ 864 SSID Title XVI | ❏ 890 Other Statutory Actions |
| | | | ❏ 790 Other Labor Litigation | ❏ 865 RSI (405(g)) | ❏ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ❏ 893 Environmental Matters |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 895 Freedom of Information Act |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 896 Arbitration |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | ❏ 950 Constitutionality of State Statutes |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ❏ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation - Transfer
- ❏ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:   ❏ Yes   ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE

DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

**EXHIBIT 1**

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)**   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**. (See Section III below; NOTE: federal question actions take precedence over diversity cases.)**

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

## EXHIBIT 1

PARADISE
CRUISE LINE

| | | |
|---|---|---|
| **SHIP** | **SAILING DATE:** | **CABIN** |
| **BOOKING NO.** | **SAILING TIME:** | |

**PASSENGERS**

EMBARK:PORT OF U.S.LM BEACH
PASSENGER DECK - PASSENGER

PARADISE CRUI
1576418

04/04/2018 - 04/06/2018

D500P

**CABIN RATE** RPL3
U75

**PACKAGE RATE**

**PORT CHARGES**

CARTER, PAUL     M44    US
CARTER, TIFFADEE    M43    US

**TOTAL**

PASSENGER COPY - NOT GOOD FOR PASSAGE

SHIPS' REGISTRY BAHAMAS

**EXHIBIT 1**

**CRUISE TICKET CONTRACT**

**THIS IS YOUR CRUISE TICKET CONTRACT. IT CONTAINS IMPORTANT LIMITATIONS ON THE RIGHTS OF PASSENGERS. IT IS IMPORTANT THAT YOU CAREFULLY READ ALL TERMS OF THIS CONTRACT, WITH PARTICULAR ATTENTION TO PARAGRAPHS 4, 6, 12 AND 15, WHICH LIMIT OUR LIABILITY AND YOUR RIGHT TO SUE, AND RETAIN IT FOR FUTURE REFERENCE.**

CONTRACT OF PASSAGE Passengers are advised to read the terms and conditions of the passenger cruise ticket contract set [...] below.

This ticket constitutes a contract of passage between the carrier and the passenger (whether or not signed by or on his behalf), [...] as defined in paragraph 23, and all the terms and provisions of this ticket, including all of the following matter printed [...] as part of such contract of which the passenger and/or purchaser agrees by accepting this ticket, both on his own behalf also on behalf of any other person or persons for whom this ticket is purchased as his, her or their agent. The fare includes [...]portation as specified AS OCEAN/CRUISE TRAVEL, herein: full board, ordinary ship's food, LIMITED TO TAP WATER, [...]CES, REGULAR & DECAFFEINATED COFFEE, ASSORTED TEAS AND MILK, EXCLUDING spirits, wine, beer, CAR-NATED BEVERAGES and mineral waters. This contract supersedes all representations or conditions contained in carrier's [...]ertisements, notices, brochures or other literature and all promises and agreements made or claimed to have been made with [...] passenger or anyone representing him.

This ticket is valid only for the person, persons and passengers covered hereunder named on the front hereof for whom it is [...]ed and cannot be transferred without carrier's consent. Passage money shall be considered earned at the time of payment, or [...]ot previously paid, then at the time of embarkation. Carrier shall be entitled to such passage money and to retain it under all [...]umstances whatsoever. Carrier shall not be liable to make any refund to passenger in respect of lost tickets or in respect of [...] are wholly or partially not used by a passenger, any statute or other governmental regulations to the contrary notwithstanding, [...] benefit of which passenger hereby expressly waives. Carrier reserves the right to change or cancel any scheduled call at any [...] for any reason at its option at any time whether before, or after sailing of the vessel, without previous notice to the passenger. [...] without liability to the passenger for any loss, damage or delay whatsoever, howsoever consequential thereon.

Passenger is not allowed to bring onboard without previous written permission of the carrier any intoxicating liquors or bever-[...] and no firearms or explosive substances, contraband, illegal items or any goods of a dangerous nature, nor dogs, cats, birds [...]ther animals of any kind and description (OTHER THAN QUALIFIED SERVICE ANIMALS. A PERMIT FROM THE DE-[...]RTMENT OF AGRICULTURE IN THE BAHAMAS MUST BE OBTAINED AT NOMINAL FEE. THIS COULD TAKE UP [...] FOUR (4) WEEKS FOR PROCESSING. ONCE PERMIT HAS BEEN RECEIVED NOTICE MUST BE GIVEN TO THE [...]RRIER NOT LESS THAN FOURTEEN (14) DAYS ADVANCE). PASSENGER WILL BE SOLELY RESPONSIBLE FOR [...]TAINING ALL REQUIRED PERMITS AND COSTS RELATED TO THE PERMITS AND PAYING ANY/ALL DAMAGE D/OR LOSS CAUSED BY SERVICE ANIMALS.

Carrier's responsibility shall never exceed the usual amount or limitation of liability to which carrier is entitled under the ap-[...]able law. No undertaking or warranty is given or shall be implied as to the seaworthiness, fitness, or condition of the vessel or [...] food, drink, or medicine supplied onboard the vessel. In no event shall carrier be liable for any accident which occurs off the [...]sel itself, including, but not limited to accidents occurring ashore, on tenders not owned by the vessel or a part of the vessel's

[...]equipment, or upon docks or piers. The exemption from liability herein contained shall extend to each of the employees, officers, [...]agents, servants and all representatives of the carrier.

The carrier shall in no event be liable to the passenger in respect to occurrences happening off the vessel itself. In selling tickets, [...] coupons or vouchers or making arrangements for shore excursions, tours, hotels, restaurants, transportation, or other activities, the [...] carrier acts only as agent for others who operate such services and all persons accepting or using tickets or authorizations in any [...] form for such services shall thereby be deemed to agree and consent that the carrier shall not be or become liable for any acts or [...] omissions pertaining to such services or for any loss, injury or damage to any person or property arising therefrom or in connection [...] therewith. All arrangements made for or by the passenger for shoreside accommodations, excursions, transportation or activities [...] have been made solely for the passenger's convenience and are at the passenger's risk. Even if the Carrier shall be entitled to [...] charge a fee and earn a profit for arranging such services, all such persons or entities shall be deemed to be independent contractors [...] and not acting as agents or representatives of the Carrier.

(5) The passenger admits a full understanding of the nature and character of the vessel and assumes all risks of travel, transporta-[...]tion and handling of passengers and baggage. The vessel may or may not carry a ship's physician, nurse or other medical personnel [...] at the election of the carrier, and if medical personnel are carried, it is agreed that they are not agents, servants or employees of [...] the carrier but use independent contractors and the carrier shall not be liable for the consequences of any examination, advice, [...] diagnosis, medication, treatment, prognosis or other professional service which such medical personnel may furnish or fail to [...] furnish any passenger. The passenger agrees to pay charges for all medical care requested or required, whether onboard or ashore, [...] and to indemnify the carrier in the event the carrier pays the cost of any medical care including transportation thereof. The carrier [...] is not obligated to make such payments. The passenger assumes the risk of and agrees that the carrier shall not be liable for (a) [...] injury, death, or delay of or to the passenger or (b) loss, damage or delay to the passenger's baggage, effects or property arising [...] from, caused, or in the judgment of the carrier or master rendered necessary or advisable by reason of any act of God or public [...] enemies, arrest, restraints of princes, rulers or people, piracy, war, revolution, extortion, hijacking, bombing, threatened or actual [...] rebellion, insurrection, civil strife, fire, explosion, collision, stranding, grounding, perils of the sea, rivers, canals, locks or other [...] waters, perils of navigation of any kind, lack of water or grassgeway in channels or canals, theft, accident to or from machinery, [...] boilers or latent defects even though existing at embarkation or commencement of voyages, barratry, desertion or revolt of crew, [...] seizure of ship by legal process, strike, lockout or any labor disturbances whatsoever, whether or not such strike, lockout or labor [...] disturbances result from a dispute between the carrier and its employees or between other parties, whether or not of like or of [...] similar character to the foregoing.

(6) Each passenger will be allowed 2 pieces of baggage free of charge. Any excess will be charged at the current rate for baggage, [...] payable before embarkation, subject to the right of the carrier to limit the amount of such excess that may be carried. Whenever

the term "bag[...]
consisting of [...]
and appropria[...]
trade, househo[...]
valuables of [...]
to the terms [...]
The passenge[...]
hereunder, an[...]
the carrier on [...]
stateroom an[...]
value of the p[...]
with respect [...]
the carrier be [...]
damage susta[...]
your immedi[...]
equipment, it [...]
bags/small en[...]
tioned items [...]
NO SUIT SH[...]
TRANSPOR[...]
TO BAGGA[...]
OFFICE OR [...]
AN IRREGU[...]
DAMAGE C[...]
ANY CAUS[...]
SUIT SHAL[...]
(7) If the ve[...]
advertised da[...]
passengers th[...]
(8) Carrier s[...]
direct or cons[...]
unadvertised [...]
previously v[...]
(9) The carri[...]
rail or air, to

# EXHIBIT 1

Case 0:19-cv-60657-WPD Document 1 Entered on FLSD Docket 03/11/2019 Page 27 of 35

the term "baggage" is used herein, it shall mean only suitcases, valises, satchels, bags, hangers or bundles and their contents consisting of such wearing apparel, toilet articles and similar personal effects as are necessary and appropriate for the purpose of the cruise and all other such personal property not in commerce, for trade, household goods, presents and/or property of others, jewelry, precious metals, money documents, negotiable instruments, valuables of any description or such articles specified in 46 U.S. Code Section 30503 shall be carried except under and subject to the terms of a special written contract entered into with the carrier before embarkation upon application of the passenger. The passenger hereby warrants that no such articles are contained in any receptacle or container presented by him as a baggage hereunder, and if such articles are shipped by passenger as baggage in breach of this warranty, no liability thereof shall attach to the carrier on account thereof as carrier, bailee or in any other capacity. The ship's officers have the right to enter and search your stateroom and baggage for any hazardous, controlled or prohibited substances or contraband. It is stipulated that the aggregate value of the passengers baggage under this ticket does not exceed $300.00 and any liability of the carrier for any cause whatsoever with respect to said baggage shall not exceed such sum unless the passenger shall in writing specify its true value and pay to the carrier before embarkation 5% on the excess of such value; in which case the carrier's liability shall be limited to the actual damage sustained to, but not exceeding such specified value up to a maximum of $5,000.00. Please lock all luggage when not in your immediate session. Carrier shall not be liable for loss of, or damage to, jewelry, cash, liquor parcels, photographic/electronic equipment, including phones and computers, lifesaving medications/prescriptions, medical equipment, ladies train cases/cosmetic bags/small carry-on luggage or other similar valuable items contained in the guest's baggage. Please do not place the above mentioned items with your luggage. We recommend that these items be carried with you when boarding or disembacking the ship. NO SUIT SHALL BE MAINTAINABLE AGAINST THE CARRIER UPON ANY CLAIM IN CONNECTION WITH THIS TRANSPORTATION OR CONTRACT RELATING TO BAGGAGE OR ANY PROPERTY UNLESS LOSS OR DAMAGE TO BAGGAGE OR PROPERTY WHILE BOARDING OR DISEMBARKING IS REPORTED TO EITHER THE PURSER'S OFFICE OR TO CARRIER'S PERSONNEL PRIOR TO LEAVING THE U.S. CUSTOMS AREA. PASSENGER MUST FILE AN IRREGULARITY REPORT PRIOR TO LEAVING THESE AREAS. CARRIER WILL NOT BE RESPONSIBLE FOR ANY DAMAGE OR LOSS WHICH IS NOT DULY REPORTED AS STATED ABOVE. IN NO EVENT SHALL ANY SUIT FOR ANY CAUSE AGAINST THE CARRIER WITH RESPECT TO BAGGAGE OR PROPERTY BE MAINTAINABLE UNLESS SUIT SHALL BE COMMENCED WITHIN SIX (6) MONTHS AFTER TERMINATION OF THE VOYAGE.

(7) If the vessel be prevented for any reason whatsoever, including fault of carrier, from sailing on or about the scheduled or advertised day, carrier shall have liberty to substitute any other vessel whether owned, chartered or operated by it and to re-berth passengers thereon, or at carrier's option to make refund of passage money paid.

(8) Carrier shall have full liberty to proceed without pilots and tow and to assist vessels in all situations, to deviate from the direct or customary course in the interest of passengers or of the vessel, or to save life or property; to put in at any unscheduled or unadvertised port; to omit or delay landing at any scheduled or advertised port; to put back to port of embarkation or to any port previously visited if carrier shall deem prudent, all without incurring any liability to the passenger on account thereof.

(9) The carrier has an absolute right to transfer passenger and/or his baggage to other carriers, whether by water, motor vehicle, rail or air, to or toward the ultimate destination. In the event such substituted passage is for the convenience of the carrier, it shall

be at the carrier's cost. Otherwise it shall be at the cost of the passenger.

(10) The carrier shall not be liable for any cause whatsoever for transportation of any passenger or his or her baggage by any connecting or other carrier, railway, vessel, craft, transportation or transportation of any passenger or his or her baggage by any connecting or other carrier, railway, vessel, craft, conveyance or instrumentality of any kind or any operator thereof, or such tenders as are supplied at the sole expense of carrier to embark or disembark passengers in and from the same, or in making any arrangements for shore accommodations, victualling, amusement or entertainment for any passenger or for any other service or facility whatsoever for any passenger otherwise than aboard carrier's ships or such tenders aforesaid, it is understood and agreed that carrier is acting in the capacity of agent for the party or parties actually providing such care, transportation, accommodation, victualing, amusement, entertainment, service or facility aforesaid, and that the same are provided subject to the terms appearing in the tickets, vouchers, or notices for the time being in force of such party or parties or otherwise imposed by such party or parties. It is further understood and agreed that carrier is not to be, or to be held, liable for the act, neglect, default or omission of any party whomsoever in respect of any events, matters or things, whatsoever or whomsoever, elsewhere than aboard the carrier's ships or such tenders as are supplied at the sole expense of carrier for the purpose of embarking or disembarking passengers in or from carrier's ships.

(11) Any taxes and stamps on tickets and taxes or fines on passenger, embarkation expense, and all expenses of such a nature are to be paid by passenger. In case of quarantine, each passenger must himself bear all risks and expenses caused thereby and will be charged thereby and will be charged for maintenance, payable day by day if maintained onboard the vessel for such period of quarantine. Passenger assumes all risks and losses occasioned by delay or detention howsoever arising. Costs connected with embarkation or debarkation of passengers and/or baggage and costs of transfer between vessel and shore must be borne by the passenger.

(12) NO SUIT SHALL BE MAINTAINABLE AGAINST THE CARRIER, THE VESSEL, OR ANY TRANSPORT, FOR PERSONAL INJURY, ILLNESS OR DEATH OF PASSENGER UNLESS WRITTEN NOTICE OF THE CLAIM, WITH FULL PARTICULARS, IS DELIVERED TO THE CARRIER AT ITS PRINCIPAL OFFICE WITHIN SIX (6) MONTHS FROM THE DATE OF SUCH PERSONAL INJURY, ILLNESS OR DEATH OF THE PASSENGER. IN NO EVENT SHALL ANY SUIT FOR ANY CAUSE AGAINST THE CARRIER, THE VESSEL OR ANY TRANSPORT WITH RESPECT TO PERSONAL INJURY, ILLNESS OR DEATH FOR ANY REASON BE MAINTAINABLE, UNLESS SUIT IS COMMENCED (FILED) WITHIN ONE (1) YEAR FROM THE DATE OF SUCH PERSONAL INJURY, ILLNESS OR DEATH AND PROCESS IS SERVED WITH 120 DAYS AFTER FILING, NOTWITHSTANDING ANY PROVISION OF LAW OF ANY STATE OR COUNTRY TO THE CONTRARY. NO SUIT SHALL BE MAINTAINABLE AGAINST THE CARRIER FOR ANY NON-INJURY, ILLNESS OR DEATH CLAIMS, INCLUDING CLAIMS BASED ON CONTRACT, TORT, STATUTORY, CONSTITUTIONAL OR OTHER LEGAL RIGHTS, INCLUDING BUT NOT LIMITED TO ALLEGED VIOLATION OF CIVIL RIGHTS, DISCRIMINATION, CONSUMER OR PRIVACY LAWS, OR FOR ANY LOSSES, DAMAGES OR EXPENSES, RELATED TO OR IN ANY WAY ARISING OUT OF OR CONNECTED WITH THIS CONTRACT OR THE CRUISE SHALL BE MAINTAINABLE AGAINST THE CARRIER UNLESS WRITTEN NOTICE OF THE CLAIM, WITH FULL PARTICULARS, IS DELIVERED TO THE CARRIER'S PRINCIPAL OFFICE WITHIN THIRTY (30) DAYS AFTER TERMINATION OF THE CRUISE TO WHICH THIS CONTRACT RELATES. IN NO EVENT SHALL ANY SUCH SUIT BE MAINTAINABLE UNLESS SUIT IS COMMENCED (FILED) WITHIN SIX (6) MONTHS AFTER THE TERMINATION OF THE CRUISE AND PROCESS SERVED

# EXHIBIT 1

Case 0:19-cv-... Document 1-... Entered on FLSD Docket 01/15/2019 Page 28 of 35

WITHIN SIXTY (60) DAYS AFTER FILING, NOTWITHSTANDING ANY PROVISION OF LAW OF ANY STATE OR COUNTRY TO THE CONTRARY. THE COURTS AND AUTHORITIES OF ANY OTHER STATE, TERRITORY OR COUNTRY TO ALL DISPUTES AND MATTERS WHATSOEVER ARISING UNDER, IN CONNECTION WITH, OR INCIDENT TO THIS CONTRACT SHALL BE LITIGATED, IF AT ALL, IN AND BEFORE THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA IN BROWARD COUNTY, FLORIDA, U.S.A. (OR AS TO THOSE LAWSUITS FOR WHICH THE FEDERAL COURTS OF THE UNITED STATES LACK SUBJECT MATTER JURISDICTION BEFORE A COURT LOCATED IN BROWARD COUNTY, FLORIDA, USA) TO THE EXCLUSION OF THE COURTS OF ANY OTHER STATE, TERRITORY OR COUNTRY OR ELSEWHERE IN THE STATE OF FLORIDA. PASSENGER CONSENTS TO JU-RISDICTION AND WAIVES ANY VENUE OR OTHER OBJECTION THAT HE MAY HAVE TO ANY SUCH ACTION OR PROCEEDING BEING BROUGHT IN THE APPLICABLE COURT LOCATED IN BROWARD COUNTY, FLORIDA. PAS-SENGER AGREES THAT ANY LAWSUIT AGAINST THE CARRIER WHATSOEVER SHALL BE LITIGATED BY THE PASSENGER INDIVIDUALLY AND NOT AS A MEMBER OF ANY CLASS OR AS A PART OF A CLASS ACTION, AND PASSENGER EXPRESSLY AGREES TO WAIVE ANY LAW ENTITLING HIM TO PARTICIPATE IN A CLASS ACTION.

(15) This contract is not available for persons who in carrier's judgment may be refused admission into a port of landing or into the country of their destination or for persons who maybe suffering from a contagious disease or who for any other cause may endanger themselves, or others or be or become obnoxious to others. Carrier reserves the right to refuse or revoke passage to such person or persons and upon refunding the amount paid hereon or the prorata portion thereof, as the case may be, after deduction of expenses incurred by carrier on account of such person or persons, carrier shall be discharged from all further liability. A medical certificate certifying fitness for travel may be required of any passenger at carrier's request to assess whether that passenger's participation would result in a threat to the health or safety of others. Any disability or condition requiring special attention or treatment must be reported to the carrier when reservation is being requested so that the carrier may assess what reasonable accommodations may be made, if any, that would not create an undue hardship on the carrier or other passengers. Application for passage from an expectant mother must be accompanied by a medical certificate establishing her fitness for travel. Carrier reserves the right to refuse passage to women in advanced stages of pregnancy. Any passenger who enters the twenty-fourth week of pregnancy by the beginning of the cruise agrees not to book the cruise or board the vessel. Handicapped persons are advised that certain international safety requirements and U.S. Coast Guard regulations may cause difficulty for mobility impaired person or persons with severely unpaired sight and/or hearing. For reasons of passenger safety and well-being, carrier may require such persons to be accompanied by, and share the same cabin with, an adult who is not physically impaired as aforesaid. FOR IN-FANTS, 6 MONTHS OF AGE IS THE MINIMUM AGE FOR SAILING IN LIGHT OF THE CAPACITY OF OUR ONBOARD MEDICAL FACILITIES TO HANDLE NEO-NATAL /PEDIATRIC MEDICAL ISSUES. Carrier reserves the right to refuse or revoke passage to anyone who is in the sole judgment of the carrier, and based on an individualized assessment is in such physi-cal or mental condition as to be unfit for travel, or who may require care, treatment and attention beyond that which is available aboard the vessel. If you become unfit to travel for any reason during the cruise and/or disembark early, the carrier shall not be liable for any refund or damages.

(14) All berths are let on condition that passengers may be transferred (except where a whole cabin is specially engaged) from one cabin to another if required to accommodate passengers. Such transfer will be made into cabins as similar as practicable. All cabins are liable to be lost at intermediate ports.

(16) The price of passage hereunder has been fixed partly with reference to the liability assumed by carrier as defined by this contract, and no agreement alteration or amendment creating any other or different obligation or liability shall be valid unless made in writing and signed by carrier's authorized corporate officer at the port of embarkation.

(17) The passenger certifies to the carrier that he is qualified to enter the country or countries of his destination and is qualified to enter the country or countries at which he may wish to disembark. The passenger assumes all responsibility for obtaining all travel and health documents required by any governmental authority, and if he fails to do so and such failure may delay the vessel or may be deemed a violation of any law, rule order or direction of any governmental authority, carrier shall have no further obligation to transport or to furnish transportation to the passenger. You will not be allowed to board the ship or be entitled to a refund if you do not have proper documentation. Passengers will be subject to any fine or other costs incurred by carrier that result from improper documentation or noncompliance with applicable regulations, which amount may be charged to your stateroom and/or credit card.

(18) Passengers will not be liable to pay or entitled to receive any general average contribution in respect to property taken with them on the vessel.

(19) If the vessel carries a surgeon, physician, nurse, medical personnel, barber, hair dresser, manicurist, masseuse, physical trainer or any individual providing personal services, it is done solely for the convenience of the passenger and any such person dealing with the passenger is not and shall not be considered in any respect whatsoever as the employee, servant or agent of the carrier, and the carrier shall not be liable for any act or omission of such person or those under his orders or assisting him with respect to treatment, advice or care of any kind given to any passenger. Each such person shall be entitled to make a proper charge for any service performed with the respect to a passenger and the carrier shall not be concerned otherwise in any way whatsoever in any such arrangement. The passenger shall pay for all medical care or other personal services requested or required, whether onboard or ashore, including the cost of any emergency medical care or transportation incurred by carrier and any costs associated with the provision of medical services. If passenger is not able to pay and the carrier pays these expenses, then passenger shall reimburse the carrier for the expenses.

(20) Should any provision of this contract be contrary to or invalid by virtue of the law of any jurisdiction in which this contract is attempted to be enforced, or for any other reason, said provision is deemed to be severed from this contract and shall be of no effect, but all remaining provisions herein shall remain in full force and effect.

(21) The passenger, or if a minor, his parent or guardian, shall be liable to and shall reimburse carrier for all damage to the vessel and its furnishing and equipment or any property of the carrier, caused directly or indirectly, in whole or in part, by any act or omission of the passenger, whether wilful or negligent. The passenger shall further indemnify the carrier and vessel and each and

**EXHIBIT 1**

Case 0:19-cv-60837-WPD Document 104-2 Entered on FLSD Docket 04/13/2020 Page 29 of 35

all of their agents and servants against all liability whatsoever which the carrier or the vessel or such agents or servants may incur towards any passenger in respect for any claim, injury or death or damage to property caused directly or indirectly in whole or in part by any willful or negligent act or omission on the part of passenger as indemnitor. Passenger shall also be liable to and shall indemnify the carrier and/or the vessel and/or the master for any fines or penalties imposed on the vessel by the authorities for this failure to observe or comply with local requirements in respect of immigration, repatriation, customs and excise taxes or any other government regulations whatsoever.

(22) If this contract is issued for, or in connection with, any passage at a reduced rate from the full regular fare ordinarily charged therefore, and whether the reduction is in connection with an "Off Season" or "Low Season" sailing or at any reduced rate by whatsoever designation or cause, this contract ticket is only available for use on the sailing for which issued unless upon carrier's determination that available space exists, the passenger pays to carrier the difference between the reduced rate and the full regular fare.

(23) Whenever the term "carrier" is used herein, it shall mean and include the vessel and its tenders, and their respective owners, operators, charterers, managers, affiliates, successors and assigns, and independent contractors, (including in particular caterers, concessionaires, and/or agents). The master, agents, brokers, officers, crew and pilots of the vessel and officers, directors and employees of the carrier shall have the benefit of all the terms and conditions of this contract, including the exclusions or limitations of liability contained herein. The term "passenger" shall include the plural where appropriate and all persons engaging to and/or traveling under this contract, persons in their care and their respective heirs and representatives. The masculine includes the female.

(24) Carrier reserves the right to increase fares without prior notice. In such an event passenger has the option to accept and pay such increase, or to cancel passenger's reservation without penalty, not less than one month prior to departure.

(25) Carrier shall not be liable for any injuries or damages which occur while participating in athletic or recreational activities aboard the vessel, including, but not limited to, passenger's usage of any paddle ball, gymnasium, jogging, swimming, diving, health club, spa and sauna facilities, and by utilizing such facilities, passenger agrees to assume all risk and does hereby fully release and discharge carrier from any and all claims, demands, damages, causes of action present or future, whether the same be known anticipated or unanticipated, resulting from or arising out of passenger's use or intended use of said facilities.

(26) Unless expressly, carrier is not responsible nor liable for any loss or damage to passenger's property on the vessel. Liability for loss or damage to passenger's property in connection with any air or ground transportation shall be the sole responsibility of the provider of the service and in accordance with applicable limitations.

(27) All arrangements made for or by passenger for transportation (other than the subject cruise), (including air, shore excursions, ground tours, ground transportation, hotels, restaurants and other transportation, activities or services are made solely for passenger's convenience and are at passenger's risk. The providers of such services are independent contractors and are not acting as agents or representatives of carrier. In no event shall carrier be liable for any loss, delay, disappointment, damage, injury illness, death or other harm whatsoever to passenger which occurs on or off the vessel or as a result of any acts, omissions or negligence of any independent contractors.

(28) Carrier shall have the right to comply with any orders, recommendations, or directions whatsoever given by any govern-mental entity or by persons purporting to act with such authority and such compliance shall not be deemed to be a breach of this contract.

(30) Passenger warrants that he and those traveling with him are fit for travel and that such traveling will not endanger themselves or others. Carrier reserves the right to terminate a passenger's cruise at any time, at the risk and expense of the passenger disembarked, when in the opinion of carrier, passenger is considered to be a danger to himself or a disturbance or danger to others.

(31) Carrier shall not be required to refund any portion of the fare paid by any passenger who fails, for any reason to be onboard the vessel at least one half hour prior to the vessel's departure from the port of embarkation or any port of call and shall not be responsible for lodging, meals, transportation or other expenses incurred by passenger as a result thereof and carrier shall have the right to reassign/resell any such cabin. Carrier shall have no obligation to any passenger to deviate from any scheduled sailing or port of call.

(32) Carrier has the exclusive right to include photographic, video and other visual portrayals of passenger in any pictorial medium of any nature whatsoever for the purpose of trade, advertising, sales, publicity or otherwise, without compensation to passenger, and all rights, title and interest therein (including all copyrights therein) shall be carrier's sole property, free from any claims by passenger or any person deriving any rights or interest from passenger.

Passenger agrees that any recording (whether audio, video or otherwise) or photograph of Passenger, other passengers, crew or third parties aboard the vessel or depicting the vessel, its design, equipment or otherwise, shall not be used for any commercial purpose, in any media broadcast or for any other non-private use without the express written consent of the Carrier. The Carrier shall be entitled to take any legal and reasonable measures including but not limited to injunctive relief, to enforce this provision.

(33) Prior to disembarking the ship, you must pay in full all amounts charged to your stateroom account. Carrier shall not be liable for loss, damage or delay resulting from your failure to comply with these requirements. Carrier shall be entitled to a lien on the passenger's baggage for any outstanding amounts.

(34) Passenger acknowledges and confirms that any travel agent utilized by passenger in connection with the issuance of this ticket is, for all purposes, passenger's agent and carrier shall not be liable for any representation made by said travel agent. Passenger remains liable for the cost of the ticket and is responsible for the financial condition and integrity of any travel agent or other paying agent.

(35) This contract supersedes all representations, promises and agreements whatsoever made or claimed to have been made to the passenger or anyone representing him.

(36) Cruise Operator, Inc. is the operator of the vessel and the issuer of this Cruise Ticket Contract. Its principal office for the purposes of this ticket is located at c/o Grand Holiday Cruise Line, LLC, 1 East 11th Street, Suite 200, Riviera Beach, FL 33404.

08-Dec-2014
4849-4549-1488, v. 1

# EXHIBIT 1

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | |
|---|---|
| PAUL CARTER AND TIPPADEE CARTER; | ) |
| | ) |
| | ) |
| | ) |
| *Plaintiff(s)* | ) |
| v. | ) Civil Action No. 19-CV-60887 |
| BPCL MANAGEMENT, LLC D/B/A BAHAMAS PARADISE CRUISE LINE; CRUISE OPERATOR INC., D/B/A BAHAMAS PARADISE CRUISE LINE; AND PARADISE CRUISE LINE OPERATOR | ) ) ) ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   BPCL MANAGEMENT, LLC D/B/A BAHAMAS
PARADISE CRUISE LINE
C/O Secretary of State
P.O. Box 6327
Tallahassee, FL 32314

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Alexis Nicole Ondris
325 N. St. Paul, 29th Floor
Dallas, TX 75201

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**SUMMONS**

Date: Jul 10, 2019
_____



*s/ C. Barnes-Butler*
_____
Deputy Clerk
U.S. District Courts

Angela E. Noble
Clerk of Court

## EXHIBIT 2

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | |
|---|---|
| PAUL CARTER AND TIPPADEE CARTER; | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | ) Civil Action No.  19-CV-60887 |
| BPCL MANAGEMENT, LLC D/B/A BAHAMAS PARADISE CRUISE LINE; CRUISE OPERATOR INC., D/B/A BAHAMAS PARADISE CRUISE LINE; AND PARADISE CRUISE LINE OPERATOR | ) ) ) ) |
| _Defendant(s)_ | ) |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_  CRUISE OPERATOR
INC., D/B/A BAHAMAS PARADISE CRUISE
LINE
C/O Secretary of State
P.O. Box 6327
Tallahassee, FL 32314

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Alexis Nicole Ondris
Smith Clinesmith LLP
325 N. St. Paul, 29th Floor
Dallas, TX 75201

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Date:  Jul 11, 2019



**SUMMONS**

_s/ C. Barnes-Butler_

Deputy Clerk
U.S. District Courts

Angela E. Noble
Clerk of Court

**EXHIBIT 3**



## FLORIDA DEPARTMENT OF STATE
### Division of Corporations

July 31, 2019

MARIA T. SANTI, ESQ
2525 PONCE DE LEON BLVD
STE 300
CORAL GABLES, FL 33134

Pursuant to Chapter 48.181, Florida Statutes, a copy of the process and initial pleading, case number 19-CV-60887, was accepted for BPCL MANAGEMENT, LLC D/B/A BAHAMAS PARADISE CRUISE LINE, and was filed on July 19, 2019, at 04:00 PM.

Plaintiff(s)

PAUL CARTER AND TIPPADEE CARTER,

-vs-

Defendant(s)

BPCL MANAGEMENT, LLC D/B/A BAHAMAS PARADISE CRUISE LINE, et al.,

THE SECRETARY OF STATE DOES NOT FORWARD DOCUMENTATION TO THE DEFENDANT.

All inquiries on behalf of the defendant should be made to the attorneys involved.

LATASHA B RUCKER
Processor of Service
DIVISION OF CORPORATIONS

Letter No. 219A00015610

Division of Corporations - P.O. BOX 6327 -Tallahassee, Florida 32314

**EXHIBIT 4**



FLORIDA DEPARTMENT OF STATE
Division of Corporations

July 31, 2019

MARIA T. SANTI, ESQ
2525 PONCE DE LEON BLVD
STE 300
CORAL GABLES, FL 33134

Pursuant to Chapter 48.19, 48.193, 48.081 or 48.101, Florida Statutes, a copy of the process and initial pleading, case number 19-CV-60887, was accepted for CRUISE OPERATOR, INC., D/B/A BAHAMAS PARADISE CRUISE LINE, and was filed on July 19, 2019, at 04:00 PM.

Plaintiff(s)

PAUL CARTER AND TIPPADEE CARTER,

-vs-

Defendant(s)

BPCL MANAGEMENT, LLC D/B/A BAHAMAS PARADISE CRUISE LINE, et al.,

THE SECRETARY OF STATE DOES NOT FORWARD DOCUMENTATION TO THE DEFENDANT.

All inquiries on behalf of the defendant should be made to the attorneys involved.

LATASHA B RUCKER
Processor of Service
DIVISION OF CORPORATIONS

Letter No. 719A00015610

Division of Corporations - P.O. BOX 6327 -Tallahassee, Florida 32314

**EXHIBIT 5**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-cv-60887

PAUL CARTER
AND
TIPPADEE CARTER,

       Plaintiffs,

vs.

BPCL MANAGEMENT, LLC D/B/A BAHAMAS
PARADISE CRUISE LINE; CRUISE OPERATOR
INC., D/B/A BAHAMAS PARADISE CRUISE
LINE; AND PARADISE CRUISE LINE OPERATOR
LTD., INC. D/B/A BAHAMAS PARADISE CRUISE LINE;

       Defendants.
_____/

## <u>AFFIDAVIT OF ALEXIS NICOLE ONDRIS</u>

**STATE OF TEXAS**     §
                           §

**COUNTY OF DALLAS**   §

1.    My name is Alexis Nicole Ondris, my date of birth is April 28, 1989, my address is C/O Smith Clinesmith LLP, 325 N. St. Paul St., 29th Floor, Dallas, Texas 75201, United States of America. I am of sound mind and competency to state the following facts in support of Plaintiffs' Motion for Default Judgment.

2.    I am an attorney in the employ of Smith Clinesmith LLP. I am a duly licensed attorney in the State of Texas and Florida. My Florida Bar Number is 120127.

3.    I hereby verify that all statements contained in this declaration and in the foregoing Plaintiffs' Motion for Default Judgment and Exhibits are of my personal knowledge, are made in support of the motion, and are true and correct.

EXHIBIT 6               — 1 —

4.      Defendants BPCL Management, LLC D/B/A Bahamas Paradise Cruise Line and Cruise

Operator Inc. D/B/A Bahamas Paradise Cruise Line are not active military.

5.      I declare under Penalty of Perjury that the forgoing is true and correct.

_Alexis Nicole Ondris_     _____
PRINT FULL NAME                                    SIGNATURE

Sworn to and subscribed before me this _15th_ day of _October_, 20_19_.

_____
Notary Public

KAITLIN RAE TRAVIS
Notary ID #129857662
My Commission Expires
June 19, 2022

NOTARY PUBLIC
STATE OF TEXAS

EXHIBIT 6                          — 2 —